## JORDAN v. LIDDELL.

### No. 8441.

Court of Civil Appeals of Texas.  San Antonio.
May 28, 1930.

Rehearing Denied June 25, 1930.

Polk Hornaday and E. L. David, both of Harlingen, for appellant.

J. C. Myrick, of Harlingen, for appellee.

SMITH, J.

It appears that N. S. Liddell purchased four hogs from C. R. Callahan at the agreed price of $100, upon terms of $50 cash, which was paid at the time, and $50 in thirty days. Liddell defaulted upon the deferred payment, whereupon Callahan made n attempted re-sale of the hogs to B. C. Jordan for a cash price of $75, which Jordan paid over to Callahan. Jordan took possession of the hogs from Liddell's premises, moved them to his own place, and there, in the belief that he was their true owner, fed and cared for them, at an expense of $71.37.

Liddell brought suit against Jordan to recover possession of the hogs, or in the alternative their value, alleged to be $150, and also "for $50.00 attorney's fees and $25.00 for removing said hogs back to the place from which the defendant had taken them, and for $25.00 for valuable time and other expenses lost by plaintiff."

Jordan answered, contesting Liddell's title to the hogs, and in the alternative impleaded Callahan, against whom he sought to recover the price he paid for the hogs, admitted to be $75, and for reimbursement of $71.37 which he had expended in feeding the hogs while in his possession.

Callahan answered Jordan's cross-action, and, omitting general demurrer and general denial, simply asserted that he was the owner of the hogs at the time he sold them to Jordan, and had the right to so sell them. He confessed judgment in favor of Jordan for $75, however, in the event it be found that title to the hogs had passed to Liddell.

Upon a trial by jury, Liddell recovered of Jordan the possession of the hogs and $62.50 attorney's fees and expenses as prayed for, while on his cross-action Jordan recovered of Callahan the amount prayed for, $75 which he had paid Callahan for the hogs, and $71.-37 expended in feeding said hogs.

After Jordan had perfected his appeal, appellee, Liddell, filed in the trial court a remittitur of the money judgment ($62.50) rendered in his favor against appellant.

The jury found, under appropriate instructions, that the sale from Callahan to Liddell was completed, and that was the only issue in the case, except the amounts of damages. We think the evidence warranted that finding, which is binding upon this court. Accordingly, appellant's propositions, directed at the form of that issue as submitted by the trial judge, and the latter's limitation of the argument to that issue, will be overruled. The question of damages, as between Liddell and Jordan, has been eliminated by the remittitur filed by the latter.

Giving effect to the remittitur, that portion of the judgment in which appellee is awarded damages against appellant in the sum of $62.50 will be set aside, but in all other respects the judgment will be affirmed, at the cost of appellee.